IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case Nos. CR-04-172-F, |
| ) | CIV-23-1033-F |
| BRITT JARRIEL HAMMONS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court is in receipt of defendant, Britt Jarriel Hammons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. no. 138. Upon review, the court finds no response from plaintiff, United States of America, is required.

I.

The court is without jurisdiction to consider defendant's § 2255 motion. Defendant has previously sought relief under § 2255, which was denied by the court. Doc. nos. 55 and 56. The court's decision was affirmed on appeal, and the Supreme Court denied defendant's petition for writ of certiorari. Doc. nos. 64, 65 and 69. Defendant may not file a second or successive § 2255 motion, unless he first obtains an order from the circuit court authorizing this court to consider the motion. *See*, 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *see also*, United States v. Norwood, Nos. 18-6190 and 18-6204, 764 Fed. Appx. 717, 721 (10th Cir. 2019) (claim of actual innocence does not excuse the requirements for bringing a second or successive § 2255 motion) (unpublished order cited for its persuasive value consistent with 10th Cir. R. 32.1).

The record does not reflect that defendant has obtained an order from the Tenth Circuit authorizing him to file the present motion.[1] In the absence of the Tenth Circuit's authorization, this court lacks jurisdiction to address the merits of defendant's motion. *See*, In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Further, the court declines to automatically transfer defendant's motion to the Tenth Circuit under 28 U.S.C. § 1631 to obtain the required authorization because defendant cannot meet the requirements of 28 U.S.C. § 2255(h).

II.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In order to obtain a certificate of appealability, defendant must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim . . . and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." U.S. v. Baker, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After considering the record, the court concludes that defendant has failed to make the required showing. The court therefore finds that a certificate of appealability should be denied.

III.

Based upon the foregoing, defendant, Britt Jarriel Hammons' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

---

[1] Defendant is aware that he must seek permission from the Tenth Circuit to file a second or successive § 2255 motion. On six prior occasions, defendant has sought authorization to file a second or successive § 2255 motion, which the Tenth Circuit has denied. Doc. nos. 75, 77, 94, 115, 126 and 131.

2

Custody (doc. no. 138) is **DISMISSED** for lack of jurisdiction.  A certificate of appealability is **DENIED**.

DATED this 16th day of November, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-0172p033.docx